Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Kristina Doan Strottman (SBN 268188)
E-mail: kstrottman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
LEADERS IN COMMUNITY ALTERNATIVES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM EDWARDS, ROBERT JACKSON, JAMES BROOKS, and KYSER WILSON on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEADERS IN COMMUNITY ALTERNATIVES, INC., et al,<br><br>Defendants. | Case No. 3:18-cv-04609-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LETTER REQUESTING BASIC CONTACT INFORMATION FOR PUTATIVE CLASS MEMBERS AND WITNESSES**<br><br>Date: February 11, 2019[1]<br>Time: 8:00 a.m.<br><br>Judge: Honorable William Alsup |

Defendant Leaders in Community Alternatives, Inc. ("LCA") hereby responds to Plaintiffs' Letter Requesting Basic Contact Information for Putative Class Members and Witnesses. (Doc. #49.)

///

///

---

[1] Defendant has notified the Court clerk that counsel has a scheduling conflict with the currently set hearing, and that the parties are available February 12 or 13. The parties concurrently file a joint stipulation to move the hearing date and/or time.

## I. INTRODUCTION

Plaintiffs sought to bring a class action suit against the County of Alameda, LCA, SuperCom, and several individual defendants, for implementing a home detention program which allegedly violates federal RICO, the constitution, and state law. (Doc. #1.) The Court dismissed all defendants and claims except the RICO claim against LCA. (Doc. #42.) The Court also found Plaintiffs Edwards and Brooks failed to state a claim,[2] and dismissed the request for injunctive relief.

Plaintiffs now request overbroad and private information regarding electronic monitoring (EM) participants and LCA employees. Plaintiffs requested:

> Interrogatory 4: List the names, phone number, e-mail, home address, other contact information, dates on the program, amounts charged, violations reported to the court, the reason for the violation, any removal/termination from LCA's program, and the reason for removal/termination of all participants/clients from January 1, 2013 to the present.

> Interrogatory 5: List the names, position, phone number, e-mail, home address, other contact information, dates of employment, salary, and the reason for separation of all employees from January 1, 2013 to the present.

While Plaintiffs have narrowed their requests to names and contact information of EM participants and staff after extensive meet and confer discussions, Plaintiffs' requests still impermissibly seek information protected by the Penal Code and privacy rights, which are particularly sensitive given the nature of this case.

In order to balance Plaintiffs' need to conduct discovery with employee privacy and safety concerns, LCA agreed to provide, pursuant to a protective order, the names of EM case managers and supervisors from 2013 to the present who are still LCA employees and deal with Alameda County clients, and offered to arrange for their depositions. LCA also agreed to arrange the depositions of Plaintiffs Wilson and Jackson's past case managers and supervisors. Plaintiffs have failed to demonstrate a compelling need for discovery beyond this, and cannot show their need outweighs the privacy interests of EM participants and staff.

---

[2] The parties differ on whether Plaintiffs Edwards and Brooks are still in the case.

## II. **PLAINTIFFS' REQUEST SHOULD BE DENIED**

In federal court, the scope of pre-certification discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Plaintiffs' motion should be denied for several reasons.

First, producing names and contact information for all EM participants violates the Penal Code and privacy rights. The courts recognize when the right of privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007). Compelled discovery within the realm of the right of privacy "cannot be justified solely on the ground that it may lead to relevant information." *Id*.

Plaintiffs do not dispute Penal Codes sections 11105 and 13300 (limiting release of criminal history), and 1203.05 (restricting access to probation records 60 days after judgment) protect criminal history and probation information, but argue these statutes protect criminal history far beyond basic contact information. (Doc. #49 at 4.) Yet, the names of EM participants itself constitute the release of criminal information because it reveals people who have had charges against them and were assigned to EM. This may include those who have had records expunged or sealed, and it would be unduly burdensome for LCA to cross-verify this information. Plaintiffs cite to cases about contact information in employment class-actions, but not cases like this involving people who are or were on probation or pre-court detention. Further, in *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011), the court recognized disclosure of "personal histories" implicates more intimate privacy interests. Because a list of EM participants would reveal personal criminal histories, this information is protected under the Penal Code and right to privacy.

Second, releasing the names, home addresses, phone numbers, and email addresses for all EM participants and staff who had interaction with them presents

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4820-1592-1287 v1

- 3 -

3:18-CV-04609-WHA
OPP. TO MOTION TO COMPEL

security concerns, especially given the population LCA case managers work with. As just one example, former lead Plaintiff Edwards (who Plaintiffs maintain is still in this case) is currently being held in Contra Costa County on murder charges for allegedly killing a person he believed was going to testify as a witness against fellow gang members. *People v. William Edwards,* Docket No. 02-328386-8. The criminal complaint identifies Edwards as a Ghost Town gang member, and there have been issues as to whether Mr. Edwards used his clerk position in the Contra County public defender's officer to obtain information related to this murder.

Third, by granting Plaintiffs direct access to all former LCA employees (even those who may have as had as little as one contact with an Alameda participant), there is a concern that Plaintiffs will ask them about invasive information they had originally sought, such as the financial and violation history of LCA participants.

Finally, the Ninth Circuit has held that a plaintiff bears the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent this showing, it is not an abuse of discretion to refuse to allow class discovery. *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Plaintiffs cannot show common questions of law or fact capable of class-wide resolution. The only claim left is for alleged violations of RICO based on extortion under the Hobbs Act and the Penal Code. Whether an individual was allegedly extorted by LCA is based on an individual inquiry as to the circumstances and facts specific to that person, and cannot be determined globally. Was a person able to pay electronic monitoring fees, did LCA made fee adjustments, and did LCA make statements that rose to the level of extortion? This individual analysis was demonstrated when the Court found that 1) Plaintiffs Edwards and Brooks failed to state a claim based on what they said their case managers told them, and 2) Plaintiffs Wilson and Jackson did state a claim but "additional facts or circumstances may explain away the hard edge of these threats and doom the case." (Doc. #42 at 14.)

1  In sum, the names and contact information for every LCA EM participant
2  from 2013 to present and every staff member who may have had contact with these
3  participants have minimal value, at best, because plaintiffs cannot show the Rule 23
4  class action requirements are or will be satisfied with this information.  Conversely,
5  the right to privacy is high.  Therefore, Plaintiffs' request should be denied.

Dated:  February 6, 2019          BURKE, WILLIAMS & SORENSEN, LLP


By:  */s/ Kristina Doan Strottman*
     Susan E. Coleman
     Kristina Doan Strottman

Attorneys for Defendant
LEADERS IN COMMUNITY
ALTERNATIVES, INC.