1   Susan E. Coleman (SBN 171832)
    E-mail: scoleman@bwslaw.com
2   Kristina Doan Strottman (SBN 268188)
    E-mail: kstrottman@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Tel: 213.236.0600        Fax: 213.236.2700
5
    Attorneys for Defendant
6   LEADERS IN COMMUNITY
    ALTERNATIVES, INC.
7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12   WILLIAM EDWARDS, ROBERT              Case No.  3:18-cv-04609-WHA
     JACKSON, JAMES BROOKS, and
13   KYSER WILSON on behalf of            **DEFENDANT LEADERS IN
     themselves and others similarly      COMMUNITY ALTERNATIVES,
14   situated,                            INC.'S OPPOSITION TO
                                          PLAINTIFF'S MOTION FOR
15                    Plaintiff,          LEAVE TO FILE OPPOSITION TO
                                          ADMINISTRATIVE MOTION TO
16   v.                                   SEAL**

17   LEADERS IN COMMUNITY
     ALTERNATIVES, INC., et al,           Judge:   Honorable William Alsup
18
                      Defendants.
19

20

21       Defendant LEADERS IN COMMUNITY ALTERNATIVES, INC. hereby

22   opposes Plaintiffs' Motion for Leave to File Opposition to Defendant's

23   Administrative Motion to Seal (Doc. #75).

24   ///

25   ///

26   ///

27   ///

28   ///

1

## **ARGUMENT**

2      On April 8, 2019, Defendant filed an Administrative Motion to Seal Portions

3   of Robert Crandall's Declaration.  Pursuant to Local Rule 7-11(b), Plaintiffs were

4   required to file their Opposition no later than 4 days after the Administrative

5   Motion has been filed.  Therefore, Plaintiffs' Opposition was due by April 12,

6   2019.  Ten days after their response was due, on April 22, 2019, Plaintiffs filed a

7   motion for leave to file their untimely opposition.  Plaintiffs' Opposition should be

8   denied for the following reasons.

9      First, Plaintiffs allege they needed additional time because they received

10  several documents and subpoenas in a short time period in this case.  However,

11  Plaintiffs fail to provide any explanation as to why they did not seek leave before

12  their Opposition was due on April 12, 2019.  In fact, Plaintiffs did not make *any*

13  attempts to seek additional time before April 22, 2019—two weeks after they

14  received the administrative motion and 10 days after their response was due.  The

15  first time Plaintiffs' counsel contacted Defendant about obtaining additional time

16  was on April 22, 2019, and counsel did not provide any explanation as to why they

17  needed additional time, even after defense counsel pointed out that Plaintiffs'

18  counsel failed to provide any basis for their request.  To the extent Plaintiffs'

19  counsel simply forgot to timely oppose the Administrative Motion and is now

20  applying *post-hoc* rationalizations, this is not good cause for leave to file their

21  opposition.  Their motion should therefore be denied.

22     Second, the opposition Plaintiffs seek to file is without merit.  The data that

23  Defendant moved to file under seal was produced to Plaintiffs under a protective

24  order on February 27, 2019.  At no time did Plaintiffs challenge the confidentiality

25  designation.  Further a party seeking to file under seal a document produced under

26  seal in discovery only needs to establish that there is "good cause" for sealing the

27  record. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig*., 686 F.3d

28  1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed

2    discovery documents attached to non-dispositive motion.")  Here, Defendant

3    provided good cause that was specific to the circumstances, as it is a company that

4    goes through the competitive bidding process with public agencies to obtain work.

5    *See Nixon v. Warner Comm'ns, Inc*., 435 U.S. 589, 598, 98 S.Ct. 1306 (1978)

6    (stating that where a party shows that its documents contain sources of business

7    information that might harm its competitive standing, the need for public access to

8    the records is lessened).

9         Contrary to Plaintiffs' characterization, the data that Defendant moved to file

10   under seal is narrowly-tailored to just specific numbers and numerical analysis

11   regarding consumer data, and is not public information.  Defendant did not even

12   seek to seal entire documents, but selectively chose data that it believed would

13   harm its competitive standing.  While individual charges may be known to

14   particular clients,[1] the distribution of charges, the geographic demographics of LCA

15   participants, the number of clients who successfully complete the program, and the

16   amount of write-offs, as just some examples, are not publicly known.  (*See*

17   Administrative Motion to Seal.)  LCA's competitors could use this data to adjust

18   their business models and/or use this to their tactical advantage in competing with

19   LCA for the same work.  Courts have held that research that compiles sales data

20   and market data may be sealed, as public disclosure may result in improper use by

21   competitors who may circumvent expending their own resources in obtaining the

22   information at a company's expense. *Algarin v. Maybelline, LLC,* No. 12CV3000

23   AJB DHB, 2014 WL 690410, at *4 (S.D. Cal. Feb. 21, 2014) (granting motion to

24   seal Maybelline's sales and market data); *Apple Inc. v. Samsung Electronics Co*.,

25   Ltd., 727 F.3d 1214, 1225, 1228 (Fed. Cir. 2013) (Parties' respective profit, cost

26

27   [1] Plaintiffs also attached a copy of a sliding scale that they indicate they obtained through a student who had requested the sliding scale as a Public Records Request Act.  Defendant has confirmed the sliding scale is for San Francisco, and not

28   Alameda County, which is the sliding scale at issue in this case.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4847-0950-5174 v1                          - 3 -                          3:18-CV-04609-WHA
                                                                             OPP. MOTION FOR LEAVE

1  and margin data that could be used by their suppliers in contract negotiations to

2  extract price increases for component parts and Apple's market research reports

3  derived from consumer survey data that could be used by its competitors to predict

4  Apple's future product releases and marketing campaigns constituted the type of

5  information that could be used to the parties' competitive disadvantage.); *Joint*

6  *Stock Soc. v. UDV North America, Inc*., 104 F. Supp.2d 390, 405 (D. Del. 2000)

7  (disclosure of distiller's consumer research studies, strategic plans and marketing

8  information that if disclosed would give competitors new insights into how its

9  product is advertised, distributed and marketed had the potential to subject the

10 distiller to serious competitive injury).

11       Therefore, Plaintiffs' request to file an untimely opposition should be denied

12 as Plaintiffs have failed to show good cause as to why their opposition was

13 untimely, and their opposition is without merit.

14

15 Dated:  May 6, 2019                     BURKE, WILLIAMS & SORENSEN, LLP

16

17                                         By: */s/ Kristina Doan Strottman*
                                               Susan E. Coleman
18                                             Kristina Doan Strottman

19                                         Attorneys for Defendant
                                           LEADERS IN COMMUNITY
20                                         ALTERNATIVES, INC.

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4847-0950-5174 v1                      - 4 -                    3:18-CV-04609-WHA
                                                                   OPP. MOTION FOR LEAVE