UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACKSON and KYSER WILSON,

    Plaintiffs,

  v.

LEADERS IN COMMUNITY ALTERNATIVES, INC.,

    Defendant.

No. C 18-04609 WHA

**ORDER RE MOTION TO REVIEW AND VACATE TAXATION OF COSTS**

## INTRODUCTION

In this RICO action, plaintiffs move to review and vacate taxation of costs. To the extent stated below, the motion is **GRANTED** and otherwise **DENIED**.

## STATEMENT

Previous orders have stated the facts of this case. In short, defendant Leaders in Community Alternatives, Inc. provided plaintiffs with electronic monitoring for pre-trial release or home detention purposes. Defendant required plaintiffs to sign a "Supervision Fee Agreement" that imposed an enrollment fee and commitment to pay an additional amount per day. Plaintiffs' complaint alleged RICO violations and due process violations. A December 2019 order ultimately granted summary judgment for defendant and judgment was entered in favor of defendant and against plaintiffs. Defendant then filed a bill of costs for $15,334.83.

The Clerk assessed costs in the amount of $12,592.06. Plaintiffs now move for review or in the alternative to vacate the taxation of costs. Defendant opposes.

## ANALYSIS

### 1. VIDEOGRAPHY COSTS.

Under our Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." This order finds that defendant here cannot recover costs incurred in videotaping depositions because a transcribed deposition was all that was needed. Although, as defendant contends, certain circumstances may allow for recovery of these duplicate costs, the nature of the litigation here is not sufficient to warrant it. Accordingly, the taxed costs shall be **REDUCED** by the videography expenses taxed by the Clerk, which total $2,060.

### 2. DEPOSITION TRANSCRIPTS.

Plaintiffs contend that defendant should not recover costs for the deposition transcripts of Jeffrey Essex, Christina Hurtado, Ralene Rivas, Adolfo Villa, Anna Altamirano, Gislena Gonzales, Yadria Rivera, Cymone Haynes, Yolanda Smith, Lana Yagle, and Kent Borowick because their deposition testimony was not ultimately used in the litigation.

The fact that a deposition is not used to obtain judgment, does not mean that those depositions were not "reasonably required and actually incurred." *See Intermedics, Inc. v. Ventritrex, Inc.*, No. C–90–20233, 1993 WL 515879, at *4 (N.D.Cal. Dec.2, 1993). This order rejects plaintiffs' contention that the deposition fees are not allowable because defendant did not cite to them in its motion for summary judgment. These depositions were necessary in, among other things, investigating the alleged RICO violations, specifically, the operational structure of the electronic monitoring system, and the training that employees received. This order thus finds the Clerk properly allowed taxation of costs related to these depositions.

### 3. COSTS ASSOCIATED WITH WILLIAM EDWARDS AND JAMES BROOKS.

Plaintiffs contend that defendant should not be able to recover for discovery costs related to William Edwards and James Brooks because they are no longer parties in the litigation.

2

Edwards, Brooks, Robert Jackson, and Kyser Wilson brought this suit together in July 2018. A December 2018 order dismissed Edwards and Brooks's claims, but allowed them to seek leave to amend by January 2019. They did not do so. LCA ultimately deposed Brooks on March 19 and Edwards on March 21 as witnesses for purposes of, among other things, their opposition to plaintiffs' motion for class certification. Class certification was denied and a few months later, plaintiffs moved for leave to file a first amended complaint. An August 2019 order denied the motion due to untimeliness and potential prejudice to defendant who did not request discovery from Brooks and Edwards *as parties*.

Just because Edwards and Brooks were no longer parties at the time of their depositions does not mean that those depositions were not "necessarily obtained for use in the case" as plaintiffs contend. The August 2019 order did not find that defendant did not take any discovery of Edwards and Brooks as plaintiffs mischaracterize, but rather that defendant may not have taken discovery of Edwards and Brooks as parties. Since the depositions were, among other things, taken and used in defendant's opposition to the motion for class certification, this order finds the Clerk properly allowed taxation of the costs related to these depositions.

### 4. COPIES.

Plaintiffs alleged defendant misreported the costs for the deposition transcripts of Jackson, Brooks, Edwards, and Wilson. In supported plaintiffs' have submitted their invoices for these transcripts, which amount to the following, respectively: $654.10, $862.70, $675.90, $669.90. On the other hand, LCA provided invoices amounting to the following, respectively: $1,235.15, $1,599.55, $1,100.30, and $1,261.95. LCA did not misreport their costs. The difference between costs is attributed to the fact that LCA requested an original and a copy of a transcript for each individual while plaintiffs only requested one copy of a "C.O.D. electronic" transcript for each individual. Local Rule 54–3(c)(1) allows a party to recover the "cost of an original and one copy of any deposition taken for any purpose in connection with the case." This order finds such transcripts and copies were necessary for the case and accordingly, that the Clerk properly allowed taxation of these costs.

3

5. **EVIDENTIARY HEARING TRANSCRIPT.**

The Clerk taxed $464.55 ($344.85 for a daily original copy and $119.70 for a 3-day 1st copy) related to the May 2019 evidentiary hearing in this case. Plaintiffs contend defendant misreported the costs related to this hearing. Defendant submitted an invoice of $429.06 for a daily original and first copy of the hearing transcript. They also, however, also tacked on an additional cost of $119.70 for a 3-day 1st copy (*i.e.* a copy of the transcript in a different format). 28 U.S.C. § 1920 provides that "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be taxed. Fees for copies of papers necessarily obtained for use in the case may also be taxed under Section 1920. Additional costs for transcripts in different formats are not, however, taxable, absent a showing of necessity because they are for the convenience of counsel. Here, the costs for a daily original and a copy of the transcript ($429.06) are taxable as they were necessary for the case. The cost for a 3-day 1st copy ($119.70) is not taxable. Accordingly, the taxed costs shall be further **REDUCED** by $35.49

6. **RESEARCH FILES AND CRIMINAL RECORDS REQUESTS.**

Plaintiffs have also opposed the recovery of costs associated with First Legal Network Research files and the criminal records requests of Edwards, Jackson, Brooks, and Wilson on the grounds that the costs for the research files were submitted without explanation and that the criminal records costs were unnecessary.

The Clerk did not tax the First Legal Network research costs. As to the Alameda County criminal records requests, this order finds the costs associated with obtaining these records necessary. Given the heart of this case is the use of electronic monitoring on criminal defendants on pre-trial release or home detention, obtaining plaintiffs' criminal records serves a necessary purpose beyond mere "opposition" research as plaintiffs contend. Furthermore, the entirety of a defendant's criminal records are not always available for free online as plaintiffs argue, and sometimes, more than one request must be made to the state court for a defendant's entire file, especially when a defendant has committed multiple crimes. The Clerk properly allowed taxation of these costs.

4

7. **SUBPOENAED RECORDS.**

Plaintiffs have further opposed the costs associated with seven of defendant's third-party subpoena records requests on the ground that defendant rescinded these requests 30 days after issuing them. The Clerk did not tax these costs. Records subpoena costs are not among those enumerated in Section 1920 and thus may only be allowed if shown to be necessary, which defendant has failed to show.

8. **MISCELLANEOUS COSTS.**

Plaintiffs also oppose the taxation of $715.20 in duplication costs. The Clerk did not tax these costs as defendant failed to provide details regarding the content of the duplicated documents and the extent of duplication.

Plaintiffs also oppose the taxation of a courtesy copy delivery to Judge Ryu's chambers for the parties' settlement conferences. The Clerk also did not tax these costs. Delivery fees such as these are not recoverable unless some necessity exists, which defendant failed to show.

9. **ENTIRETY OF COSTS.**

Our court of appeals has held costs to a prevailing party may be denied for a variety of reasons such as the public importance of the case, the difficulty of the issues, the chilling effect on similar actions, the plaintiff's limited financial resources, and the limited economic disparity between parties. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1246 (9th Cir. 2014).

Plaintiffs have thus also requested that the costs of recovery be denied in their entirety. Although plaintiffs' claims in this case raised some important issues regarding electronic monitoring for criminal defendants, the remaining taxed costs at issue are not so large as to chill litigation. As to plaintiffs' indigency argument, they have failed to provide documentation as to the current extent of their indigency. Nonetheless, given their likely limited financial resources based on their representations throughout the course of this litigation, each plaintiff shall pay only $100 for now and the remainder of their portion due shall be excused for the time being, subject to a lien allowed hereby on any judgment or award

of money or expenses on any claim ever made by them against defendant.  Defendant must perfect any such liens with proper paperwork.

## CONCLUSION

Plaintiffs' motion is **GRANTED** to the extent stated above and the taxed costs shall be **REDUCED** by $2,095.49 to $10,496.57.  Plaintiffs Jackson and Wilson each shall pay only $100 for now.  Because plaintiffs have requested and defendant does not oppose a stay, the collection of costs is **STAYED** until after the appeal of this matter is resolved.

**IT IS SO ORDERED.**

Dated: May 28, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE